## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ABDULJABBAR QURAISH,

        Plaintiff,

v.                                        Case No. 11-10592
                                             Honorable Denise Page Hood

AMERICAN STEAMSHIP COMPANY,

        Defendant/Third-Party Plaintiff,

v.

USS TRANSPORT, LLC and USS VESSEL
MANAGEMENT, LLC, collectively referred
to as U.S. SHIPPING CORP., and U.S.
SHIPPING CORP.

        Defendants/Third-Party Defendants.

_____/

## ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO STAY DISCOVERY AND CANCELLING THE JANUARY 4, 2011 ORAL ARGUMENTS ON THIRD-PARTY DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Third-Party Defendants', USS Transport, USS Vessel Management, LLC, and U.S. Shipping Corp (collectively "U.S. Shipping"), Emergency Motion to Stay Discovery and/or to Amend Scheduling Order, filed November 21, 2011. Plaintiff, Abduljabbar Quraish, initiated this action in Wayne County Circuit Court on January 18, 2011. Defendant, American Steamship Company ("AMC"), removed the action to this Court on February 14, 2011. AMC filed its Third Party Complaint on May 27, 2011 seeking indemnification or contribution from U.S. Shipping. U.S. Shipping was served in August 2011. U.S. Shipping filed a motion to dismiss on October 5, 2011, alleging that the Court does not have

personal jurisdiction and that AMC has failed to state a claim against it upon which relief can be granted. Oral arguments on the motion to dismiss are scheduled for January 4.

U.S. Shipping now asks the Court to stay discovery and/or amend the scheduling order. U.S. Shipping argues that allowing discovery to proceed would prejudice it and deny it due process. U.S. Shipping notes that Plaintiff's deposition is set for December 9. Pursuant to the Scheduling Order, discovery cut-off is scheduled for December 27. U.S. Shipping contends that it would be unfair to force it to participate in litigation when it believes the Court does not have personal jurisdiction over it. It further argues that it would not have sufficient time to prepare for depositions or conduct discovery before the December cut-off.

Plaintiff asserts, with a supporting affidavit, that U.S. Shipping received its third party complaint on June 7, but did not file a certificate of service until August 11. Plaintiff notes that he requires immediate medical care and is undergoing therapy. In further support of his position, Plaintiff is concerned with the length of time it may take for the Court to decide the motion to dismiss. It should be noted that parties have stipulated to extend time for the filing of response and reply briefs on the motion to dismiss. Plaintiff, however, does not object to the Court amending the scheduling order to allow for an additional six months of discovery.

"[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *see* Fed. R. Civ. P. 26(c). The Court, in its discretion, may stay discovery until "preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999)). However, the Court should not stay discovery when the party seeking discovery will be prejudiced or discovery is

necessary to defend against a motion to dismiss. *Williams v. Scottrade, Inc.*, 2006 WL 1722224, *1 (E.D. Mich. June 19, 2006).

The Court finds that U.S. Shipping should not be required to participate in litigation pending the disposition of its motion to dismiss for want of personal jurisdiction. If the Court finds that it does not have personal jurisdiction over U.S. Shipping, this will limit the scope of issues before the Court and expenditure of resources by the parties. U.S. Shipping should not be required to participate in litigation when it may not be a proper party before this Court. Furthermore, the Court finds that Plaintiff will not be unreasonably prejudiced by this delay. The hearing is less than a month away.

Accordingly,

**IT IS ORDERED** that Third-Party Defendants' Motion to Stay Discovery and/or to Amend the Scheduling Order **[Docket No. 37, filed November 21, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties scheduling order will be amended pending the disposition of Third-Party Defendants' motion to dismiss.

**IT IS FURTHER ORDERED** that in order to expedite a decision on Third-Party Defendants' Motion to Dismiss, oral argument scheduled for January 4, 2012 is **CANCELLED.** The Court will decide this matter on the briefs.


s/Denise Page Hood
United States District Judge

DATED:  December 5, 2011