**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ABDULJABBAR QURAISH,

       Plaintiff,

v.                                                                                      Case No. 11-10592
                                                                                        Honorable Denise Page Hood

AMERICAN STEAMSHIP COMPANY,

       Defendant/Third-Party Plaintiff,

v.

USS TRANSPORT, LLC and USS VESSEL
MANAGEMENT, LLC, collectively referred
to as U.S. SHIPPING CORP., and U.S.
SHIPPING CORP.

       Defendants/Third-Party Defendants.

_____/

## ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTIONS TO DISMISS AND DISMISSING U.S. SHIPPING FROM THIS ACTION

This matter is before the Court on the Third-Party Defendants' (collectively "U.S. Shipping") Motion to Dismiss Third-Party Complaint **[Docket No. 30, filed October 5, 2011]** and Motion to Dismiss First Amended Complaint **[Docket No. 46, filed December 23, 2011]**. Also before the Court are American Steamship Company's Motion for Leave to File Surreply **[Docket No. 45, filed December 9, 2011]** and U.S. Shipping's Motion for Leave to File Reply **[Docket No. 47, filed December 23, 2011]**. As an initial matter, the Court grants both motions for leave to file a surreply. For the reasons stated below, U.S. Shipping's motions to dismiss are GRANTED.

## I.      BACKGROUND

1

Plaintiff, Abduljabbar Quraish, filed his Amended Complaint on June 15, 2011. Plaintiff makes a claim for negligence under 46 U.S.C. § 30104 and unseaworthiness, maintenance, cure, and wages under maritime law. He is seeking damages from U.S. Shipping and American Steamship for lost earnings, pain and serving, and medical expenses.

Plaintiff was a crewmember aboard an American Steamship Company's vessel. Amend. Compl. ¶ 4. On July 11, 2010, Plaintiff was asked to hose an area at night and tripped over a crossbar holding extra mooring cable. Amend. Compl. ¶ 5. As a result of this incident, Plaintiff sustained injuries. *Id.* American Steamship found Plaintiff fit for full and unrestricted employment on October 25, 2010. Third-Party Compl. ¶ 3.

Plaintiff began working as a crewmember aboard U.S. Shipping's vessel, the M/V HOUSTON, on December 5, 2010. Amend. Compl. ¶ 8. On December 10, 2010, Plaintiff was asked to hoist a load and injured his shoulder and lower back. Amend. Compl. ¶ 9. U.S. Shipping found Plaintiff unfit for duty and arranged for Plaintiff to be returned to his home in Dearborn, Michigan. Amend. Compl. ¶ 10; Third-Party Compl. ¶ 5. There, he saw physician Dr. Andrew Limbert, who recommended surgery on his left shoulder. *Id.* U.S. Shipping instructed Plaintiff to submit for a second opinion with Dr. Holcomb. *Id.* Dr. Holcomb recommended that Plaintiff engage in physical therapy. *Id.* Plaintiff submitted to physical therapy and injured or aggravated the pre-existing shoulder injury. Amend. Compl. ¶ 11. Dr. Holcomb recommended surgery. *Id.* Plaintiff requested that Dr. Limbert performed the surgery. Amend. Compl. ¶ 12. U.S. Shipping had not paid Dr. Limbert for previous services, delaying the surgery. *Id.* Dr. Limbert ultimately performed the surgery. Amend. Compl. ¶ 11. Plaintiff now seeks damages from U.S. Shipping for lost earnings, pain and suffering, and medical expenses. Amend. Compl. ¶ 14.

II.     ANALYSIS

A.     **Rule 14**

As an initial matter, American Steamship asserts its third-party claim against U.S. Shipping on the basis of Federal Rule of Civil Procedure 14(c), which allows a party to bring an action against a nonparty who is partially or wholly liable for a plaintiff's claim if the plaintiff asserts an admiralty or maritime claim under Rule 9(h). Here, Plaintiff has not invoked admiralty or maritime law in his amended complaint pursuant to Rule 9(h). Rather, Plaintiff alleges that jurisdiction is proper under the Jones Act and under general maritime law. *See Bodden v. Osgood,* 879 F.2d 184, 186 (5th Cir. 1989). American Steamship cannot now use Rule 14(c) to allege that it is entitled to indemnification or contribution because it applies to in rem actions under Supplemental Rule C(6)(a)(1).

American Steamship asks that it be allowed to amend its complaint to request indemnification or contribution under Rule 14(a). However, the Court finds that such amendment would be futile because American Steamship would still need to show that this Court has personal jurisdiction over U.S. Shipping, which American Steamship cannot. Rule 14(a)(2) provides that the third party defendant may assert defenses available under Rule 12(b) as against the third-party plaintiff and plaintiff. As discussed below, the Court finds that it does not have personal jurisdiction over U.S. Shipping.

B.     **Motion to Dismiss for Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) allows the Court to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff has the burden of establishing whether the Court has jurisdiction over the defendants. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When presented with a motion to dismiss for lack of personal jurisdiction, the Court may, in its discretion, pick between three options. First, it may conduct an evidentiary

hearing to resolve any factual issues. *Id.* at 1458. Second, it may proceed to discovery. *Id.* The Court may conduct an evidentiary hearing or allow discovery if "the written submissions raise disputed issues of fact or seem to require determinations of credibility." *McCluskey v. Belford High Sch.,* 795 F. Supp. 2d 608, 615 (E.D. Mich. 2010) (quoting *Serras v. First Tenn. Bank Nat. Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989). Finally, it may decide the issue based on the pleadings and affidavits alone. *Id.* (quoting *Theunissen,* 935 F.2d at 1458).

When the Court does not conduct an evidentiary hearing, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Lifestyle Lift Holding Co., Inc. v. Prendiville*, 768 F.Supp.2d 929, 932 (E. D. Mich. 2011). "In this circumstance, the plaintiff must make a prima facie showing of jurisdiction; the court does not consider the controverting assertions of the party moving for dismissal." *Id*. In a diversity case, the plaintiff has established a prima facie case when he or she shows that the federal court's exercise of personal jurisdiction over the defendants is "both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).

### 1. General Personal Jurisdiction

In action based on diversity, a federal court must apply the law of the forum state to determine whether it has jurisdiction over a non-resident defendant. *Theunissen*, 935 F.2d at 1459. Personal jurisdiction may be invoked in two forms: general or specific. General jurisdiction exists where the defendant has "continuous and systematic" contact with the forum state, here Michigan. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-47 (1952). It allows a Michigan court to exercise jurisdiction over a defendant regardless of whether the claims at issues are related to its activities in the state or has an in-state effect. *Neogen,* 282 F.3d

at 888. Under Michigan law, the Court has general jurisdiction over a corporation when it 1) was incorporated under Michigan law; 2) consented to jurisdiction in Michigan; or 3) carries on "a continuous and systematic part of its general business within Michigan". MICH. COMP. LAWS. § 600.711.

It undisputed that the Court does not have general jurisdiction over U.S. Shipping. American Shipping concedes this fact. U.S. Shipping was not incorporated in Michigan, consented to jurisdiction nor has continuous and systematic business contacts in Michigan. The Court finds that it does not have general personal jurisdiction over U.S. Shipping.

### 2. Specific Personal Jurisdiction

Specific or limited jurisdiction involves the defendant's contacts with the forum state. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996). The defendant's physical presence in the state is irrelevant. *McCluskey,* 795 F.Supp.2d at 615. Section 600.715 allows the Court to exercise specific personal jurisdiction over a nonresident corporation in connection with the following acts:

> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant. MICH. COMP. LAWS § 600.715

"When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction violates constitutional due process." *Intera Corp. v. Henderson,* 428 F.3d 605, 616 (6th Cir. 2005). Given that courts have held that Michigan's long-arm statue extends to the limits

permitted by the Due Process Clause, the Court is only required to analyze whether the exercise of jurisdiction would be permitted under the Due Process Clause. *Lifestyle*, 768 F.Sup.2d at 933.

The Sixth Circuit employs a three-part test to determine whether the exercise of personal jurisdiction would be consistent with due process: 1) the defendant has purposefully availed itself of the privilege of acting in the forum state or causing a consequence to occur there; 2) the cause of action arises out of the defendant's activities in the forum state; and 3) whether the exercise of personal jurisdiction is reasonable based on the defendant's connection to the forum state. *So. Machine Co. v. MahAmerican Shippingo Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

A defendant has purposefully availed himself of the forum state when "the defendant's contacts with the forum state 'proximately result from the actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Neogen,* 282 F.3d at 889 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Purposeful availment requires more than "passive availment of Michigan opportunities." *Id.* (quoting *Khalaf v. Bankers & Shippers Ins. Co.*, 273 N.W.2d 811, 819 (Mich. 1978)).

There is an inference that the exercise of jurisdiction is reasonable when the first two elements are satisfied. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996). "Generally, when considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors including the following: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy." *Intera Corp.*, 428 F.3d at 618.

American Shipping and Plaintiff argue that U.S. Shipping should be subject to this Court's jurisdiction because it (1) paid maintenance benefits to Plaintiff; (2) arranged medical treatment for Plaintiff in Michigan; and (3) the doctor that Plaintiff treated with was U.S. Shipping's agent. The Court does not believe that these contacts are sufficient to grant this Court specific personal jurisdiction.

Examining the complaint, neither Plaintiff nor American Shipping alleges that Dr. Holcomb was negligent. *See Olsen v. American S.S. Co.*, 176 F.3d 891, 895-896 (6th Cir. 1999) ("[a] shipowner is liable for the negligence of an on-shore physician that it hires to treat a crewman"). The harm pertinent to this action did not occur in Michigan. U.S. Shipping does not have any offices in Michigan or have property. The relevant question is whether U.S. Shipping has transacted business in Michigan by arranging for Plaintiff's medical care and a second opinion with Dr. Holcomb. It was Plaintiff's decision to return to Michigan. Although U.S. Shipping requested a second opinion, it was Plaintiff's decision to pursue a course of treatment with Dr. Holcomb. It appears that U.S. Shipping's sole action was to arrange for the care of Plaintiff and second opinion through its intermediary/agent, also with no apparent ties to Michigan, and provide maintenance and cure benefits. These actions are not enough to confer jurisdiction.

U.S. Shipping has done nothing to purposely direct its activities or caused any consequence in the state of Michigan. U.S. Shipping has not reached out to Michigan more than necessary to fulfill its obligations. Its contacts are merely passive. If the Court were to exercise jurisdiction on the basis of these contacts, it would allow Plaintiff to move anywhere he found the law favorable and hail U.S. Shipping into court there. *See Zain v. Maersk Line, Ltd.,* 2008 WL 3058467, *3 (E.D.Mich. 2008) ("under Plaintiff's theory, what would stop him from moving

to Ohio, Idaho or some other jurisdiction so he could take advantage of more lenient case law"); *Frisella v. Transoceanic Cable Ship Co.*, 181 F. Supp. 2d 644, 648-649 (E.D. La. 2002); *Stewart v. Luedtke Engineering Co.* WL 334644, *4 (N.D.Cal. 2006) ("the mere fact that [the defendant] fulfilled its obligations…relating to maintenance and cure while Plaintiff was residing in California is not sufficient to establish personal jurisdiction over [the defendant] in this forum") *Ortiz v. Wilmington Trust Co.*, 1992 WL 474579, 3 (D.Hawaii 1992) ("The mere fact that Ortiz ended up in Hawaii after his alleged injury is not sufficient to justify an exercise of specific jurisdiction over the defendants"). The Court finds that there are not sufficient contacts to exercise specific jurisdiction over U.S. Shipping. Accordingly, the Court dismisses U.S. Shipping from this case.

      **C.**    **Motion to Dismiss for Insufficient Process and for Failure to State a Claim**

U.S. Shipping also argues that American Shipping has failed to state a claim for indemnification or contribution and that Plaintiff improperly served process. Given that the Court finds that it does not have personal jurisdiction, there is no need to decide these issues and deems them moot.

**IV.**    **CONCLUSION**

**IT IS ORDERED** that American Steamship Company's Motion for Leave to File Surreply **[Docket No. 45, filed December 9, 2011]** and U.S. Shipping's Motion for Leave to File Reply **[Docket No. 47, filed December 23, 2011]** are **GRANTED**.

**IT IS FURTHER ORDERED** that U.S. Shipping's Motion to Dismiss Third-Party Complaint **[Docket No. 30, filed October 5, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that U.S. Shipping's Motion to Dismiss First Amended Complaint **[Docket No. 46, filed December 23, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant U.S. Shipping is hereby **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the stay on discovery is **LIFTED**. The amended discovery schedule is as follows:

| | |
|---|---|
| Discovery Due: | April 23, 2012 |
| Dispositive Motions Due: | May 23, 2012 |
| Final Pretrial Order/Motions in Limine Due: | August 20, 2012 |
| Final Pretrial Conference: | August 27, 2012, 2:30 p.m. |
| Trial: | September 25, 2012, 9:00 a.m. |


          s/Denise Page Hood
          United States District Judge

Dated: February 22, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2012, by electronic and/or ordinary mail.

          s/LaShawn R. Saulsberry
          Case Manager